CAPITAL MERCHANDISE COMPANY, DEMANDANTE Y APELADA, *v.*
GERARDINO Y CÍA. ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce, en
pleito sobre cobro de dinero.   Moción sobre desestimación
de apelación.

No. 2629.—Resuelto en marzo 17, 1922.

APELACIÓN — TÉRMINO PARA APELAR — FIANZA CUANDO EL DEMANDANTE RESIDE
FUERA DE LA ISLA.—Si bien el término para apelar concedido por la ley es
jurisdiccional, sin embargo la facultad concedida a las cortes por el artículo
342 del Código de Enjuiciamiento Civil para exigir fianza al demandante que
reside fuera de la isla, como sucede en este caso, quedando en suspenso los
procedimientos mientras la presta, lleva consigo como consecuencia la de
quedar en suspenso el término para apelar pues de otro modo no quedarían
paralizados todos los procedimientos.

Los hechos están expresados en la opinión.
Abogado de la apelada: *Sr. C. Brunet.*
Abogado de los apelantes: *Sr. J. Rosario Gelpí.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Dictada sentencia en este caso el 15 de julio de 1921 a
favor de la demandante y archivada al día siguiente en los
autos por el secretario la notificación que de ella hizo a
los demandados, el 26 de julio la corte inferior decretó la
suspensión de los efectos de la sentencia mientras tanto preste
la demandante la fianza exigida de acuerdo con el artículo
342 del Código de Enjuiciamiento Civil.   El 15 de agosto fué
prestada esa fianza y el 27 de agosto los demandados notifi-
caron a la demandante su apelación contra la sentencia.

Ahora se nos pide por la parte apelada que desestimemos
el recurso de apelación fundándose en que fué interpuesto
después de los treinta días que la ley concede para interpo-
nerlo, a cuya petición se oponen los apelantes alegando que
descontados los días que estuvo paralizado el procedimiento
su apelación resulta interpuesta dentro de treinta días.   Por
consiguiente la cuestión a resolver es si desde el 26 de julio

al 15 de agosto quedó en suspenso el término para apelar la sentencia.

Dispone el artículo 342 antes citado que cuando la demandante no residiere en esta Isla, como ocurre en este caso, puede requerírsele para que preste fianza por las costas y gastos en que pudiere ser condenada y que cuando así se le requiriere habrá de suspenderse todo procedimiento en el pleito hasta que hubiere presentado la fianza al secretario, que será de trescientos dólares, pero pudiendo exigirse una fianza adicional o nueva fianza si aquélla no es garantía suficiente; y como cuando fué exigida a la demandante la fianza a que se refiere dicho precepto legal ya estaba dictada la sentencia y notificada a la parte a quien perjudica, la paralización del procedimiento tuvo el alcance, como la corte decretó, de suspender los efectos de la sentencia, siendo el inmediato que hasta que no fuera prestada estaba en suspenso el término para apelarla, pues de no ser así los demandados se hubieran visto obligados a interponer su apelación sin la garantía que para casos como el presente les concede la ley de estar garantizados en cuanto a las costas y gastos en que pueda ser condenada su demandante y quedarían huérfanos de la protección de la ley en el caso de que la sentencia fuera revocada y condenada en costas la demandante si la fianza no llegaba a prestarse. Si tal paralización no produjera la suspensión del término para apelar, que es paso correspondiente a la parte que se cree perjudicada por la sentencia, entonces no existiría compulsión alguna que obligara a la demandante a prestar fianza. La paralización de los procedimientos surte efecto desde que se decreta y desde entonces no puede darse paso alguno en los procedimientos. En los casos citados en 3 C. J. página 1062, nota 73, fueron declaradas nulas las notificaciones de la sentencia practicadas después de estar paralizados los procedimientos.

Es cierto como alega la apelada que el término concedido por la ley para apelar es jurisdiccional y mandatorio y que

no puede ser extendido por las cortes sin autorización expresa de la ley, pero entendemos que la facultad concedida a las cortes por el artículo 342 citado para exigir fianza al demandante quedando en suspenso los procedimientos mientras la presta, lleva consigo como consecuencia la de quedar en suspenso el término para apelar pues de otro modo no quedarían paralizados todos los procedimientos.

La moción de desestimación de la apelación debe ser negada.

*Declarada sin lugar.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.