ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| LETTY MARISOL VARGAS DE CARDONA; FERNANDO CANCEL MELÉNDEZ<br><br>APELADOS<br><br>V.<br><br>MANUEL FERNÁNDEZ<br><br>APELANTE | KLAN202500423 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Caguas<br><br>Caso Núm. CG2023CV03076<br><br>Sobre: Desahucio por Falta de Pago |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 25 de junio de 2025.

Comparece el señor Manuel Fernández (señor Fernández o el Apelante) mediante *Recurso de Apelación de la Parte Demandada* y nos solicita la revocación de la *Sentencia en Reconsideración* emitida el 13 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas (foro primario o TPI), notificada el 18 de marzo de 2025. Dicha *Sentencia en Reconsideración*, dejó sin efecto la *Sentencia* de 9 de diciembre de 2024 que desestimó una acción de cobro de dinero por falta de pago de cánones de arrendamiento presentada en contra del Apelante por Letty Marisol Vargas (señora Vargas), y Fernando Cancel Meléndez (señor Cancel Meléndez) (en conjunto, los Apelados), conjuntamente con una acción de desahucio que fue objeto de una *Sentencia Parcial* por estipulación emitida previamente el 14 de diciembre de 2023, que ordenó el desalojo del inmueble. En virtud de dicha *Sentencia en Reconsideración* objeto de Apelación, el foro primario declaró *Ha Lugar* la *Moción* de *Reconsideración* presentada por los Apelados y **reconsideró la *Sentencia* emitida el 9 de diciembre de 2024**, que había desestimado la acción de cobro de dinero por falta de pago de cánones de arrendamiento presentada

Número Identificador

SEN2025 _____

por los Apelados ante dicho foro en contra del señor Fernández, fundamentada dicha desestimación en que los Apelados dejaron de acumular una parte indispensable y tampoco prestaron la fianza de no residente.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia en Reconsideración* emitida por el foro primario, que dejó sin efecto la desestimación de la acción de cobro de dinero por falta de pago de cánones de arrendamiento instada por los Apelados ante dicho foro en contra del Apelante y en la que además, el foro primario, ordenó a la Unidad de Cuentas la expedición de un cheque a favor de estos por la suma de $10,800.00, consignada por el señor Fernández, por concepto de los cánones adeudados más los intereses devengados.

**I.**

El 12 de septiembre de 2023, la señora Vargas y el señor Cancel Meléndez instaron *Demanda* sobre desahucio en contra del señor Fernández.[1] En síntesis, alegaron que suscribieron a favor del señor Fernández un contrato verbal de arrendamiento de un bien inmueble perteneciente a ambos; que este incumplió con el pago de los cánones de arrendamiento y que les adeudaba la suma de $10,800.00 por concepto de cánones de arrendamiento vencidos. Por tanto, los Apelados solicitaron su inmediato desalojo de la propiedad y el pago de la suma adeudada de $10,800.00 en concepto del alquiler.

Ante tales alegaciones, el 4 de octubre de 2023, el señor Fernández presentó su *Contestación a la Demanda*.[2] En esencia, **aceptó que adeuda $10,800.00 a la parte demandante por razón de su incumplimiento de los cánones de arrendamiento.** No obstante, aseveró que estos, por su parte, le adeudan $8,535.02 en concepto de los siguientes gastos: (1) el pago de la factura del servicio de agua, (2) las cuantías emitidas a favor del Centro de Recaudaciones de Ingresos Municipales (CRIM), más (3) las

---

[1] Entrada (1) del Sistema Unificado de Manejo de Administración del Casos (SUMAC).
[2] Apéndice de la parte apelante, págs. 227-228.

mejoras al portón eléctrico y (4) los arreglos a la plomería de la residencia. En vista de ello, argumentó que los demandantes no exhiben el criterio de buena fe. Ese día, a su vez, sometió una *Moción de Consignación* sobre la cuantía adeudada.[3]

En atención al presente reclamo, el 14 de diciembre de 2023, el foro primario celebró una vista, según consta en la *Minuta* notificada el 19 de diciembre de 2023.[4] En este proceso, las partes por conducto de sus representantes legales informaron lo siguiente:

> A preguntas del tribunal, el licenciado Garau expresa que las partes lograron un acuerdo. Dicho acuerdo consta en que el señor Fernández entregará la propiedad en o antes del 15 de febrero de 2024. No obstante, como asunto pendiente está la consignación de fondos, ya que el señor Fernández alega unos créditos. A tales efectos, las partes se reunirán en los próximos 30 días e informarán por escrito al respecto.
>
> El licenciado Vázquez confirma lo esbozado por el licenciado Garau y coordinan reunirse para el 9 de enero de 2024 a las 11:00 a.m. en la oficina del licenciado Garau.[5]

Ante tal contexto, el **14 de diciembre de 2023**, tras celebrar Vista de Desahucio, el foro primario dictó *Sentencia Parcial,* por estipulación de las partes, notificada el 18 de diciembre de 2023 en la que declaró *Con Lugar* la causa de acción de desahucio.[6] En lo pertinente, emitió el siguiente pronunciamiento judicial:

> El día 14 de diciembre de 2023 se celebró mediante videoconferencia la Vista de Desahucio en el presente caso. Estuvieron presentes la parte demandante, representada por el Lcdo. Iván Garau Díaz. La parte demandada compareció representada por el Lcdo. Gabriel Manuel Vázquez Segarra.
>
> **Las partes informaron haber alcanzado un acuerdo en cuanto a la causa de acción de desahucio a los fines de que el demandado desalojara la propiedad en o antes del 15 de febrero de 2024**.
>
> En cuanto al cobro de dinero tienen las partes 30 días para informar el curso a seguir.
>
> Por lo antes informado y no existiendo razón para posponer dictar sentencia hasta la resolución total del pleito **el Tribunal dicta Sentencia Parcial decretando con lugar la acción de desahucio y ordenando al demandado al cumplimiento de los acuerdos alcanzados.**
>
> De no haber desalojado la parte demandada la propiedad en el término concedido, se procederá con el lanzamiento mediante la Oficina de Alguaciles.

---

[3] Entrada (10) de SUMAC.
[4] Entrada (16) de SUMAC.
[5] Entrada (16) de SUMAC.
[6] Apéndice de la parte apelante, pág. 26.

En vista de lo anterior, el 22 de enero de 2024, el tribunal sentenciador dictó *Orden* a los fines de las partes informaran sobre el resultado del acuerdo en cuanto a las cuantías en controversia.[7] No obstante, el 12 de febrero de 2024, el señor Fernández radicó una *Moción Informativa*.[8] En este escrito, indicó que **la controversia sobre los cánones de arrendamientos adeudados subsiste pese a que las partes intentaron alcanzar un acuerdo.** En vista de lo expuesto, sugirió una serie de fechas hábiles para celebrar el juicio.

Tras múltiples acontecimientos procesales, cuyo tracto no amerita pormenorización, el foro primario señaló el 30 de septiembre de 2024 para la celebración del juicio, según establecido en la *Resolución* emitida el 10 de septiembre de 2024.[9]

De conformidad con el calendario judicial, la señora Vargas de Cardona y el señor Fernández comparecieron a dicho señalamiento. Durante el desfile de prueba, la representación legal del demandado levantó los planteamientos jurisdiccionales de incumplimiento de fianza de no residente y falta de parte indispensable.

Cónsono con lo argumentado, el **6 de octubre de 2024**, el señor Fernández presentó ***Moción de Desestimación* por incumplimiento de fianza no residente y falta de parte indispensable**.[10] Destacó que el señor Cancel Meléndez no compareció ni justificó su ausencia durante el procedimiento judicial. Además, adujo que en el juicio la señora Vargas de Cardona declaró que los demandantes no residen en Puerto Rico, sino en el estado de la Florida. Por tales circunstancias, solicitó la desestimación de la acción legal instada en su contra.

En respuesta, el 7 de octubre de 2024, la señora Vargas de Cardona sometió su *Oposición a Moción de Desestimación y Sobre la Exclusión de Fianza de No Residente Regla 69.5(B).*[11] Aseveró que el señor Cancel

---

[7] Entrada (17) de SUMAC.
[8] Apéndice de la parte apelante, pág. 229.
[9] Entrada (35) de SUMAC.
[10] Entrada (36) de SUMAC.
[11] Entrada (37) de SUMAC.

Meléndez es su excónyuge y ambos son cotitulares de la propiedad objeto de la acción de desahucio. Sostuvo que ella reside en la avenida Ashford en Condado, y que se encuentra de modo temporal en la Florida. No obstante, precisó además, que el bien inmueble en cuestión se encuentra radicado en Puerto Rico. Ante tales circunstancias, adujo que no procede la imposición de la fianza no residente.

Evaluados sus argumentos, el **9 de diciembre de 2024**, el foro primario dictó *Sentencia*, notificada al día siguiente, en la que declaró *Ha Lug*ar la desestimación peticionada por no prestarse la fianza de no residente y por falta de parte indispensable.[12] En esencia, dispuso que durante el juicio se enmendaron las alegaciones de la demanda a base del testimonio de la señora Vargas. Al respecto, emitió el siguiente razonamiento judicial:

> [E]n este caso era imperativo imponer una fianza de no residente y no se hizo por la representación falsa que hicieron los demandantes en la alegación número uno (1) de la demanda. Dicho incumplimiento es suficiente para desestimar esta demanda al amparo de la Regla 39.2(a) de Procedimiento Civil. Ahora bien, toda vez que el codemandante, Sr. Fernando Cancel Meléndez, es claramente una parte indispensable en este pleito que no se presentó al juicio en su fondo, ni justificó su ausencia, este tribunal decreta que carece de jurisdicción para continuar los procedimientos en este caso y dictar sentencia en los méritos.[13]

Oportunamente, el **20 de diciembre de 2024**, los Apelados presentaron escrito intitulado *Moción en Reconsideración Regla 47 de Procedimiento Civil*.[14] Argumentaron que la prueba presentada en el juicio corrobora que la señora Vargas de Cardona y el señor Cancel Meléndez son ex cónyuges y cotitulares del bien inmueble objeto de la acción de desahucio. A tales efectos, indicó que el hijo del señor Cancel Meléndez compareció a la vista amparado en un poder legal[15] que le permite representar a su padre. Por ello, razonó que no hay controversia sobre falta de parte indispensable. Advirtió, además, que existe una sentencia final

---

[12] Apéndice de la parte apelante, págs. 14-25.
[13] Apéndice de la parte apelante, pág. 25.
[14] Apéndice de la parte apelante, págs. 208-217.
[15] Apéndice de la parte apelante, págs. 194-206. **Surge del expediente judicial que la parte demandante adjuntó dicho poder a la *Oposición a Memorando de Costas, Gastos y Honorarios de Abogado sin Temeridad al Amparo de la Regla 44.1(b) de Procedimiento Civil* presentada el 12 de diciembre de 2024, según consta en la entrada (47) de SUMAC.**

emitida el 14 de diciembre de 2023, la cual declaró *Con Lugar* la reclamación del desahucio.

Por su parte, el 9 de enero de 2025, el Apelante interpuso una *Moción de Oposición a Reconsideración* ante el foro primario. En esta, reiteró que no se presentó fianza de no residente. Asimismo, enfatizó que el señor Cancel Meléndez no compareció a los procedimientos judiciales.[16] Aunque reconoció que el hijo del señor Cancel Meléndez asistió a la vista, precisó que este acudió como público y acompañante de la señora Vargas de Cardona. Por tanto, el Apelante solicitó al TPI que declarara *No Ha Lugar* la reconsideración solicitada por los Apelados ante dicho foro.

Trabada así la controversia, el 13 de enero de 2025, el foro *a quo* celebró una vista argumentativa. En este procedimiento, se discutieron los siguientes asuntos, según consta en la *Minuta*, notificada el 21 de enero de 2025:

> El licenciado Garau realiza un recuento procesal del caso. El 14 de diciembre de 2023 se dictó Sentencia ordenando el desalojo de la propiedad la cual estaba ocupada en precario. La parte demandada reconoce la deuda por cánones de arrendamiento por $10,800 consignados así en el tribunal. Se señaló una vista para determinar el exceso de la cuantía consignada por $13,800 y luego de la celebración de la vista y se emitió Sentencia por desestimación de la demanda al amparo de la Regla 39.2 (A) de Procedimiento Civil. Según la Demanda y la Estipulación, el señor Cancel ha participado del proceso. Además la parte demandada, no cuestionó en ningún momento la ausencia del señor Cancel. Solicita la reconsideración de la Sentencia para que se corrija el error manifiesto porque dicha Sentencia es contraria al expediente y de una estipulación de partes que fue objeto del avalo del tribunal. Se reafirma en todo lo expresado en la Moción de Reconsideración, en la Oposición del Memorando de Costas y sostiene la Solicitud de Retiro de Fondos.
>
> El licenciado Vázquez expresa que el asunto a considerar es si la parte demandante si algo diferente a lo que el tribunal desconoce. La parte demandante no están casados entre sí, ni son residentes de Puerto Rico. El poder presentado no es parte del Informe y el caso fue sometido. No se presentó toda la prueba, falta prueba indispensable. Con relación a la Sentencia Parcial por un acuerdo entre abogados de las partes. Además, una vez se accedió al juicio se aceptó la conversión de los procesos a uno ordinario, ya que se controvirtió el monto adeudado. El término venció en derecho para probar si es cierto o no que se le debe la cuantía reclamada. Razón por la cual solicita la devolución de los fondos consignados. Solicita se deniegue la Reconsideración y se ordene el retiro de dichos fondos, ya que no hay jurisdicción.[17]

---

[16] Apéndice de la parte apelante, págs. 218-223.
[17] Apéndice de la parte apelante, págs. 224-225.

Examinadas tales argumentaciones, el **13 de marzo de 2025**, el foro primario dictó *Sentencia en Reconsideración*, notificada el 18 de marzo de 2025, en la que **declaró *Ha Lugar* la referida solicitud de reconsideración presentada por los Apelados**.[18] En lo pertinente, dictaminó el siguiente pronunciamiento:

> Para efectos de esta Curia, y por los fundamentos antes expuesto **adoptamos íntegramente la minuta del 13 de enero de 2025** [SUMAC 59] y **reconsideramos nuestra Sentencia** dictada [SUMAC 42].
>
> Del examen de la argumentación de las partes, es un hecho probado mediante conocimiento judicial la Sentencia Parcial como estipulación de partes [SUMAC 15]. Es decir, el Sr. Fernando Cancel Meléndez ha participado en todos los procedimientos como parte indispensable, representado por el Lcdo. Iván Garau Díaz y, además fue acreditado por Poder a esos fines que obra en el expediente del caso de epígrafe, mediante Escritura Número 9 ante la Notario Julimar Velisse Zayas Pagán, otorgado el 25 de agosto de 2022, según fue expuesto en el testimonio de la demandante.
>
> **Por lo tanto, por los fundamentos antes expuestos <u>procedemos a la revocación de la Sentencia del 9 de diciembre de 2024 y, en consecuencia; se declara CON LUGAR la Moción de Reconsideración presentada por la parte demandante</u>. Se ordena a la Unidad de Cuentas que expida un cheque a nombre de los demandantes por la suma de $10,800.00 consignada a favor de éstos, más los intereses devengados. Se declara NO HA LUGAR el Memorando de Costas y Honorarios de Abogado presentado por el demandado en virtud de la Regla 44.1 de Procedimiento Civil.**[19]

En desacuerdo, el 1 de abril de 2025, el señor Fernández presentó una *Moción de Reconsideración de Sentencia en Reconsideración*.[20] Señaló que la parte demandante no rebatió adecuadamente los planteamientos que privaron al tribunal de ejercer su jurisdicción. Particularmente, reiteró que no prestó la fianza de no residente que exige la Regla 69.5 de Procedimiento Civil. A su vez, adujo que la determinación impugnada es nula porque no se incluyó al señor Cancel Meléndez como parte indispensable. Ante tales alegaciones, el Apelante solicitó al TPI que revirtiera su dictamen y ordenara la devolución de la cuantía consignada o que en la alternativa, ordenara la presentación de la fianza de no residente y se ordene la continuación del juicio.

---

[18] Apéndice de la parte apelante, págs. 1-4.
[19] Apéndice de la parte apelante, págs. 3-4.
[20] Apéndice de la parte apelante, págs. 6-13.

En reacción, el 7 de abril de 2025, la parte Apelada presentó *Moción en Cumplimiento de Orden y Oposición a Moción en Reconsideración*.[21] Arguyó que el Apelante pretendía prolongar el pleito a sabiendas de la estipulación alcanzada por las partes, según recogida en la *Sentencia Parcial*. Señaló que este no presentó prueba y solo ha incurrido en alegaciones contradictorias a sus propias admisiones judiciales. En vista de ello, peticionó mantener en vigor la *Sentencia en Reconsideración*, toda vez que descansa en la prueba desfilada.

Tras evaluar las posturas de las partes, el foro *a quo* dictó *Resolución Interlocutoria* en la que declaró *No Ha Lugar* la solicitud de reconsideración presentada por el señor Fernández y sostuvo la *Sentencia en Reconsideración* emitida el 13 de marzo de 2024 y notificada el 16 de marzo del corriente año .[22]

Inconforme, el 12 de mayo de 2025, el señor Fernández presentó el recurso de epígrafe*,* en el que esbozó los siguientes señalamientos de error:

> 1. ERRÓ EL TRIBUNAL AL NO APLICAR CORRECTAMENTE LA REGLA 69.5 DE PROCEDIMIENTO CIVIL SOBRE LA FIANZA DE NO RESIDENTE, EN AUSENCIA DE UNA FIANZA MANDATORIA, EL TRIBUNAL EMITIÓ UNA SENTENCIA EN RECONSIDERACIÓN SIN JURISDICCIÓN.
>
> 2. ERRÓ EL TRIBUNAL AL PERMITIR QUE EL CASO PROSIGUIERA SIN UNA PARTE INDISPENSABLE, YA QUE EL CODEMANDANTE FERNANDO CANCEL MELÉNDEZ NO COMPARECIÓ AL JUICIO EN SU FONDO, NI FUE SUSTITUIDO CONFORME A DERECHO POR LO TANTO, LA SENTENCIA EN RECONSIDERACIÓN ES NULA.
>
> 3. ERRÓ EL TRIBUNAL AL EMITIR LA SENTENCIA EN RECONSIDERACIÓN SIN HECHOS A CONSIDERAR Y EN BASE A DOCUMENTOS INTRODUCIDOS TARDÍAMENTE, LUEGO DE QUE LA PARTE DEMANDANTE DESFILÓ SU PRUEBA Y SOMETIÓ SU CASO EN CORTE ABIERTA DURANTE EL JUICIO EN SU FONDO.
>
> 4. ERRÓ EL TRIBUNAL AL REVERTIR LA SENTENCIA ORIGINAL Y NO PERMITIRLE A LA PARTE DEMANDADA PRESENTAR SU PRUEBA, SEGÚN EL DERECHO QUE SE RESERVÓ CUANDO SOLICITÓ LA DESESTIMACIÓN EN CORTE ABIERTA AL AMPARO DE LA REGLA 39.2(C).

El 19 de mayo de 2025, este foro intermedio apelativo dictó *Resolución* a los fines de ordenar a la parte apelada a someter su escrito en

---

[21] Entrada (65) de SUMAC.
[22] Apéndice de la parte apelante, pág. 226.

oposición. En cumplimiento, el 28 de mayo de 2025, los apelados-demandantes presentaron una *Moción de Desestimación y en Oposición a Recurso de Apelación.* En esencia, nos solicitaron que no interviniéramos en el recurso apelativo, pues aluden que los errores presentados no se cometieron por parte del Tribunal de Primera Instancia.

El 30 de mayo de 2025, el apelante-demandado radicó una *Moción en Auxilio de Jurisdicción.* Luego de evaluar tal escrito, el 2 de junio de 2025, este Tribunal de Apelaciones emitió *Resolución* en la que declaró *No Ha Lugar* la aducida solicitud.[23]

Posteriormente, el 13 de junio de 2025, comparecieron ante nos los Apelados mediante *Oposición a Recurso de Apelación.* En lo pertinente a la fianza de no residente estos arguyen que aunque el Apelante sostiene que incidió el Tribunal de Primera Instancia al no aplicar la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V R 69.5, de una lectura de la referida Regla 69.5 de Procedimiento Civil se desprende claramente que "no se exigirá prestación de fianza a las partes reclamantes que no residan en Puerto Rico cuando, (b) se trate de un pleito que involucra una propiedad en Puerto Rico". De igual forma, razonan los Apelados que no medió arbitrariedad o error ni abuso de discreción del TPI en su determinación de que los Apelados también residen en Puerto Rico y estaban temporeramente recibiendo tratamiento en Florida y que el Apelante <u>hizo el planteamiento de falta de fianza de no residente</u> <u>tardíamente</u> <u>para no pagar lo que les adeudaba</u>, por lo que éste utilizó dicho planteamiento como otro pretexto para privar a los Apelados de la protección de la Ley de Desahucio.

Asimismo, los Apelados sostienen además, en la *Oposición a Recurso de Apelación* que el foro primario no dejó sin efecto la *Sentencia Parcial* que declaró con lugar la demanda de desahucio dentro del proceso sumario y ordenó la entrega del inmueble. Razonan que según la demanda y la estipulación entre las partes, objeto de *Sentencia Parcial* sobre el

---

[23] En este dictamen, la Juez Gloria L. Lebrón Nieves sustituyó a la Juez Maritere Brignoni Mártir a tenor con la *Orden* emitida el 2 de junio de 2025.

desahucio, el señor Cancel Meléndez ha participado en todos los procedimientos como parte indispensable, representado por el Lcdo. Iván Garau Díaz y, además fue acreditado por Poder a esos fines que obra en el expediente del caso de epígrafe, mediante Escritura Número 9 ante la Notario Julimar Velisse Zayas Pagán, otorgado el 25 de agosto de 2022, según fue expuesto en el testimonio de la señora Vargas que no fue controvertido por el Apelante.

Razonan los Apelados que nuestro ordenamiento jurídico tampoco permite que en el proceso ordinario un Tribunal de igual jerarquía deje sin efecto una Sentencia final y firme que se dictó previamente tras la estipulación con el Apelante quien a su vez, acordó y en efecto entregó la propiedad en o antes del 15 de febrero de 2024. De igual forma, sostienen los Apelados que el TPI dictó la *Sentencia* en *Reconsideración* objeto de Apelación considerando la existencia de la *Sentencia Parcial* del desahucio sumario y resolviendo la acción de cobro de dinero sobre el dinero consignado por el Apelante a favor de los Apelados. Razonan que ello equivale a una reafirmación y confirmación de admisión de la deuda por parte del Apelante, quien comparece ante este Tribunal de Apelaciones solicitando sin razón que se revoque la Sentencia en Reconsideración, cuando ningunos de los errores señalados en el recurso de epígrafe se cometieron.

Finalmente es la contención de los Apelados que del expediente también surge que, previo a la vista en su fondo, el Apelante como cuestión de hecho, aceptó la deuda por concepto de arrendamiento impagado. Por consiguiente el Tribunal de Instancia ordenó a la Unidad de Cuentas que expida un cheque a nombre de los Apelados por la suma de $10,800.00 consignada a favor de éstos, más los intereses devengados por la deuda de cánones de arrendamiento impagados

Con el beneficio de la comparecencia de las partes, procedemos a reseñar el marco legal pertinente a la controversia ante nuestra consideración.

**II.**

***A.      Fianza de no residente***

En nuestro ordenamiento procesal, la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, instaura la exigencia de la prestación de fianza no residente:

> Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal requerirá que preste fianza para garantizar las costas, los gastos y los honorarios de abogados a que pueda ser condenada. Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza, que no será menor de mil (1,000) dólares. El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.
>
> Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.
>
> No se exigirá prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:
>
> (a) se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
>
> **(b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico, o**
>
> (c) se trate de un pleito instado por un comunero o una comunera para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico.

El objetivo de esta fianza es garantizar el pago de las costas, los gastos y los honorarios del abogado en pleitos instados por personas naturales o jurídicas no residentes. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 622 (2022).  Por ello, su cumplimiento es de carácter mandatorio y todo procedimiento en el pleito queda suspendido hasta que se preste.  *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 262-263 (2021). Esta normativa "se asienta en el razonamiento de que, cuando un reclamante no reside en nuestra jurisdicción, si el demandado prevalece, este puede enfrentar dificultades para recuperar los costos que conllevó su defensa". *Martajeva v. Ferré Morris y otros, supra,* pág. 622; *VS PR, LLC v. Drift-Wind*, *supra*, pág. 263.

No obstante, la imposición de la fianza no residente admite ciertas excepciones. La aducida disposición reglamentaria establece expresamente los escenarios en los que se rechaza el requerimiento automático de una fianza al reclamante no residente. *Yero Vicente v. Nimay Auto*, 205 DPR 126, 131 (2020). Así pues, la Regla 69.5 de Procedimiento Civil, *supra*, delimita las circunstancias que permiten prescindir de esta exigencia procesal, a saber: (1) litigantes *in forma pauperis*; (2) copropietarios en un pleito que involucre una propiedad sita en Puerto Rico cuando al menos uno de los copropietarios reclamantes reside en Puerto Rico, y (3) comuneros que buscan la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico. *VS PR, LLC v. Drift-Wind, supra,* pág. 363.

Respecto al criterio de residencia, es menester reseñar el caso *Yero Vicente v. Nimay Auto, supra.* En virtud de este dictamen, el Tribunal Supremo de Puerto Rico precisó que el domicilio, es decir, el lugar con intención de regresar, es inconsecuente a la exigencia de prestación de fianza:

> Independientemente de la intención del señor Yero Vicente de regresar a Puerto Rico en algún momento, este no es residente de la Isla. En consecuencia, no puede escapar el requisito de fianza de no residente por el hecho de estar domiciliado en Puerto Rico. Resolver lo contrario implicaría frustrar los principios que produjeron la norma. Después de todo, lo que las reglas exigen es una fianza de no residente, no una fianza de no domiciliado. Íd. pág. 135.

En armonía con lo anterior, el tratadista José A. Cuevas Segarra explica que si durante el litigio existe un cambio en la residencia, entonces procede imponer la fianza en cuestión:

> El requisito de la regla se extiende a aquellos litigantes que no son residentes durante la pendencia del pleito. El criterio no es domicilio, ni ciudadanía. Véase *M.J. Merkin Paint Co v. Riccardi*, 3A 2d 890 (NJ 1923); *Morek v. Smolak*, 282 NYS 418 (4to. Dept. 1939). De manera que si el demandante cambia su condición de residente durante el trámite del pleito y se convierte en no residente, debe prestar fianza de no residente. J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, Tomo V, pág. 1932.

Por último, es necesario establecer que la desestimación por falta de presentación de esta fianza no es automática. A esos fines, la Regla 69.5 de Procedimiento Civil, *supra*, provee el término de sesenta (60) días para presentar la fianza no residente. Durante este periodo opera la suspensión

de los procedimientos judiciales. Según pautado por el Foro Supremo, el texto de la regla procesal "es claro, libre de ambigüedad y comunica cabalmente la intención de la Asamblea Legislativa en cuanto a su efecto suspensivo de todos los procedimientos judiciales, incluidos los términos inherentes al proceso judicial". *Martajeva v. Ferré Morris y otros, supra,* pág. 628.

Cónsono con lo anterior, tiempo atrás nuestro Máximo Tribunal en *Capital Merchandise Company v. Gerardino & Cia.*, 30 DPR 233 (1922)*,* resolvió que los efectos de una sentencia se suspenden durante el término concedido para prestar la fianza de no residente:

> Si tal paralización no produjera la suspensión del término para apelar, que es paso correspondiente a la parte que se cree perjudicada por la sentencia, entonces no existiría compulsión alguna que obligara a la demandante a prestar fianza. La paralización de los procedimientos surte efecto desde que se decreta y desde entonces no puede darse paso alguno en los procedimientos.

No obstante, si el reclamante no residente falla en prestar la fianza dentro del plazo indicado, el tribunal ordenará la desestimación del pleito. *VS PR, LLC v. Drift-Wind, supra,* pág. 263. Ello, pues, mediante esta exigencia se procura ofrecer cierta protección a quienes son demandados por personas que no residen en Puerto Rico, y así, desalentar litigios frívolos e inmeritorios. *Martajeva v. Ferré Morris y otros, supra,* págs. 622-623; *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 20 (1993).

**B.    Falta de parte indispensable**

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, establece la norma de acumulación de parte indispensable de la siguiente manera:

> Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada.

De acuerdo con la interpretación jurisprudencial, la parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos. *Inmob.*

*Baleares et al. v. Benabe et al*, 2024 TSPR 112, 214 DPR ___ (2024); *Pérez Ríos et al. v. CPE*, 213 DPR 203, 213 (2023). Así pues, "una parte se convierte en indispensable cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados". *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 479 (2019)*; Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677 (2012).

Por su trascendencia, "la sentencia que se emita en ausencia de parte indispensable es nula". *García Colón et al. v. Sucn. González*, 178 DPR 527, 550 (2010); *Unisys v. Ramallo Brothers*, 128 DPR 842, 859 (1991). Si no está presente en el litigio se trasgrede el debido proceso de ley del ausente. *Rivera Marrero v. Santiago Martínez*, *supra*, pág. 479; *Bonilla Ramos v. Dávila Medina*, *supra*, pág. 677. Por tanto, el planteamiento de falta de indispensable puede presentarse en cualquier momento, lo que incluye que se presente por primera vez en apelación o incluso el tribunal puede levantarlo *motu proprio. Inmob. Baleares et al. v. Benabe et al, supra*; *Pérez Ríos et al. v. CPE*, *supra,* pág. 213.

En estos escenarios, compete emitir la siguiente evaluación según establece el Tribunal Supremo de Puerto Rico:

> Para lograr el análisis contextual y pragmático es necesario hacer una evaluación jurídica de factores, tales como el tiempo, el lugar, el modo, las alegaciones, la prueba, la clase de derechos, los intereses en conflicto, el resultado y la formalidad. Como hemos expresado, lo fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente. *RPR & BJJ, Ex parte*, 207 DPR 389, 409 (2021). Véase, también, *FCPR v. ELA et al.*, 211 DPR 521, 531-532 (2023).

De reconocerse que una parte indispensable está ausente debe desestimarse la acción legal, sin embargo, tal proceder no tendrá el efecto de una adjudicación en los méritos, ni de cosa juzgada. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 224 (2007); *Romero v. S.L.G. Reyes*, 164 DPR 721 (2005).

## *C.     Apreciación de la prueba*

A la luz de nuestro esquema apelativo, la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, dispone que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin

efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos". Así pues, un tribunal apelativo debe respeto a la adjudicación de credibilidad del juzgador primario de los hechos, pues solo tiene ante su consideración, los "récords mudos e inexpresivos". *S.L.G. Rivera Carrillo v. A.A.A.*, 177 DPR 345, 356 (2009). *Trinidad v. Chade*, 153 DPR 280, 291 (2001). Ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los foros apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022); *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021).

Ahora bien, esta norma no es irrestricta. La deferencia a las determinaciones de hechos cede cuando "éstas carezcan de base en la prueba o cuando se determine que existió pasión, prejuicio o parcialidad". *Moreda v. Rosselli*, 150 DPR 473, 479 (2000). Véase, también, *Pueblo v. Maisonave Rodríguez*, 129 DPR 49, 62 (1991). En ese sentido, "si de un análisis de la totalidad de la evidencia este Tribunal queda convencido de que se cometió un error, como cuando las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida, las consideraremos claramente erróneas". *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 772 (2013); *Abudo Servera v. A.T.P.R.*, 105 DPR 728, 731 (1977).

**III.**

En el presente caso, el señor Fernández señala que incidió el foro primario al emitir la *Sentencia en Reconsideración* que dejó sin efecto la *Sentencia* desestimatoria de la acción de cobro de dinero por cánones de arrendamientos vencidos, fundamentada en falta de parte indispensable. En esencia, argumenta que también procedía desestimar el pleito porque los Apelados no presentaron la fianza de no residentes. Sostiene que estos residen en el estado de la Florida según la prueba desfilada en el juicio.

Asimismo, advierte que no se incluyó al señor Cancel Meléndez como parte indispensable, por lo que, razona que el dictamen apelado es nulo. Por último, expresa que no se le permitió presentar prueba durante el juicio en torno a ciertas cuantías en controversia.

En oposición, los Apelados sostienen que no tenían la obligación de presentar la fianza de no residente. Alegan que la reclamación versa sobre una propiedad radicada en Puerto Rico. Sobre este particular, puntualizan que la señora Vargas aunque reside en Puerto Rico, también se encuentra temporalmente en el estado de Florida por razón de tratamiento médico. A su vez, aseguran que no existe controversia sobre falta de parte indispensable. Indican que el señor Cancel Meléndez compareció al juicio por conducto de su abogado y su hijo en virtud de un poder que obra en el expediente judicial. En vista de ello, solicitan que confirmemos el dictamen apelado que reconsideró la Sentencia de 9 de diciembre de 2024, desestimatoria de la acción de cobro por cánones de arrendamiento adeudados.

Como cuestión de umbral, concluimos que los Apelados no venían obligados a prestar fianza de no residente toda vez que el pleito de desahucio involucra una propiedad en Puerto Rico y que precisamente la referida Regla 69.5 de Procedimiento Civil, dispone expresamente que no se exigirá prestación de fianza a las partes reclamantes que no residan en Puerto Rico cuando.."(b) se trate de un copropietario o una copropietaria en un pleito que involucra una propiedad sita y al menos uno de los copropietarios u otra de las copropietarias también es reclamante y reside en Puerto Rico. Surge de la Transcripción de la Prueba Oral que durante la vista celebrada el 30 de septiembre de 2024, la señora Vargas declaró que es copropietaria del inmueble en San Juan y que está en el estado de Florida temporeramente pero que es vecina de San Juan Puerto Rico.[24]

En cuanto al fundamento de falta indispensable de la *Sentencia* desestimatoria, de la acción de cobro de los Apelados por concepto de

---

[24] *Véase* páginas 101-104 del Apéndice de la *Apelación*.

cánones de arrendamiento adeudados por el Apelante emitida por el TPI el 9 de diciembre de 2024 y reconsiderada mediante la Sentencia en Reconsideración objeto del presente recurso, reiteramos que

Es preciso destacar que además, existe una *Sentencia Parcial* por estipulación de las partes emitida el 14 de diciembre de 2023, la cual declaró *Con Lugar* la reclamación de desahucio, la cual es final, firme e inapelable y que en efecto, el Apelado desalojó el inmueble objeto de la reclamación de los Apelados. En lo pertinente a la acción en cobro de dinero surge del expediente que el 4 de octubre de 2023, el señor Fernández presentó su *Contestación a la Demanda* y que allí **aceptó que adeudaba $10,800.00 a los Apelados por razón de su incumplimiento con los cánones de arrendamiento.** [25] Dicha suma fue consignada por el señor Fernández.

Cobra relevancia en este caso que el Apelante hizo el planteamiento de falta de fianza de no residente luego de la *Sentencia Parcial* emitida por el foro primario acogiendo el acuerdo entre las partes en la Vista de Desahucio celebrada el 14 de diciembre de 2023, en cuanto a la causa de acción de desahucio a los fines de que el Apelado desalojara el inmueble en o antes del 15 de febrero de 2024, lo que ocurrió. Si bien en cuanto al cobro de dinero las partes no llegaron a un acuerdo, el foro primario les otorgó un término de treinta días para ello. Con posterioridad a dicha *Sentencia Parcial* el Apelante desalojó el inmueble pero levantó el argumentó de falta de fianza de no residente, cuando quedaba pendiente el cobro de dinero por la suma adeudada por este y consignada.

Sin embargo, toda vez que el 4 de octubre de 2023, en *Contestación a la Demanda* el señor Fernández **aceptó que adeudaba $10,800.00 a los Apelados por razón de su incumplimiento de los cánones de arrendamiento y que** dicha suma fue consignada por el señor Fernández, el foro primario tenía todos los elementos necesarios para adjudicar el reclamo de cobro de cánones vencidos de los Apelados en la *Sentencia en Reconsideración*.

---

[25] Apéndice de la parte apelante, págs. 227-228.

Destacamos que surge del expediente que el señor Cancel Meléndez ha participado en todos los procedimientos como parte indispensable, representado por el Lcdo. Iván Garau Díaz y, además fue acreditado por Poder a esos fines que obra en el expediente del caso de epígrafe, mediante Escritura Número 9 ante la Notario Julimar Velisse Zayas Pagán, otorgado el 25 de agosto de 2022, según fue expuesto en el testimonio de la señora Vargas que no fue controvertido por el Apelante.

Tras examinar detenidamente el expediente y lo ocurrido en la vista evidenciaria y argumentativa de la reconsideración, el Apelante está impedido por sus propios actos de impugnar la capacidad y la ausencia de partes indispensables en el caso, en virtud de la *Sentencia Parcial* previa de desahucio por estipulación, según los documentos que obran en el expediente.

Mediante el dictamen apelado el foro primario, tras dejar sin efecto la desestimación de la acción de cobro de dinero objeto de la *Sentencia* de 9 de diciembre de 2024, concluyó que no hubo ausencia de parte indispensable pues el señor Cancel Meléndez estuvo representado en el procedimiento y procedió a declarar con lugar la acción de cobro de dinero por concepto de cánones de arrendamiento vencidos, por la suma que el Apelante reconoció que adeudaba en su *Contestación a la Demanda*, por lo que en el dictamen apelado el TPI correctamente ordenó a la Unidad de Cuentas la expedición de un cheque a favor de estos por la suma de $10,800.00, consignada por el señor Fernández, por concepto de los cánones adeudados más los intereses devengados.

De otra parte, es preciso destacar que la revisión se da contra la sentencia y no contra los fundamentos que se exponen en la misma. *Cf Vélez Rodríguez v. Amaro Cora,* 138 DPR 182, 198 (1995); *Collado v. E.L.A.*, 98 DPR 111, 114 (1969); *Rodríguez v. Serra*, 90 DPR 776, 777 (1964).

Con estos antecedentes, concluimos que el foro primario no incurrió en los errores señalados por el Apelante, por lo que procede confirmar la *Sentencia en Reconsideración* emitida por el foro primario.

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, confirmamos la *Sentencia en Reconsideración* emitida por el foro primario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones